

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2008

# Kubicki v. Whitemarsh

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kubicki v. Whitemarsh" (2008). *2008 Decisions.* Paper 1407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4905
_____

JOSEPH T. KUBICKI, ON HIS OWN BEHALF AND AS PARENT AND
NATURAL GUARDIAN ON BEHALF OF THE MINOR, JOSEPH KUBICKI;
JOSEPH KUBICKI A MINOR,

Appellants,


v.


WHITEMARSH TOWNSHIP; JOHN DOE# 1-3 POLICE OFFICERS,

Appellees.


_____

On Appeal from United States District Court
for the District of Eastern Pennsylvania
(D.C. No. 04-cv-05780)
District Court Magistrate Judge: Honorable Linda K. Caracappa
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: BARRY, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: March 20, 2008)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Joseph T. Kubicki (Kubicki) and his son, Joseph J. Kubicki, appeal the District Court's grant of summary judgment in favor of three Whitemarsh Township police officers. We will affirm in part, vacate in part, and remand.

I.

Because we write exclusively for the parties, who are familiar with the facts and proceedings below, we will not revisit them here.

We will affirm the District Court's grant of summary judgment only if there are no genuine issues of material fact and the officers are entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Feesers, Inc. v. Michael Foods, Inc.*, 498 F.3d 206, 212 (3d Cir. 2007). In reviewing the record below, we construe the facts and draw all reasonable inferences in the Kubickis' favor. *Michael Foods*, 498 F.3d at 212. The substantive law of exigent circumstances and excessive force determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Kubicki and his son argue that the officers violated their Fourth Amendment rights by entering their home without a warrant. A warrantless home entry is presumptively unconstitutional, but "exigent circumstances" can excuse the warrant requirement. *See Welsh v. Wisconsin*, 466 U.S. 740, 749-50 (1984). Where police officers assert exigency, they "reasonably must believe that someone is in *imminent* danger." *Parkhurst*, 77 F.3d at 711 (emphasis in original).

2

Our review of the record reveals disputed facts regarding the reasonableness of the officers' belief that someone at 402 Roberts Avenue was in imminent danger. The Kubickis testified that it was quiet in their upstairs apartment, while the officers reported that they heard "an agitated male's voice coming from the second floor apartment." In addition, the Kubickis testified that they heard nothing downstairs (where they can usually "hear real good"), while the officers asserted that a "loud disturbance" occurred that night in the first floor apartment. Finally, the Kubickis' testimony that they did not hear the police yelling until after they entered the otherwise quiet apartment contradicts the officers' testimony that they repeatedly knocked and announced before entering. Because these disputed facts are material to determining whether the officers reasonably believed that exigent circumstances existed, we must reverse the District Court's grant of summary judgment on this count. *See Couden v. Duffy*, 446 F.3d 483, 493 (3d Cir. 2006).

B.

Kubicki next argues that the officers employed excessive force. Like the exigent circumstances inquiry, the excessive force inquiry asks "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). In assessing the reasonableness of the officers' actions, we account for the fact that they must make "split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the

amount of force that is necessary." *Couden*, 446 F.3d at 497 (quoting *Graham*, 490 U.S. at 397).

Accepting Kubicki's version of the facts, we find the officers' belief that Kubicki posed a threat to them was objectively reasonable. Kubicki and his son testified that when the officers instructed Kubicki to put his hands behind his head, he put them behind his back instead. Based upon this disobedience, a reasonable officer would be justified in fearing that Kubicki was reaching for a weapon. We find the force employed to neutralize this threat reasonable and affirm the District Court's grant of summary judgment on this claim. *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994).[1]

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

---

[1] In light of our decision that material issues of fact are in dispute regarding the reasonableness of the warrantless entry, we do not reach the question of whether a constitutional violation occurred for purposes of qualified immunity.